UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEE APPAREL, INC.,<br>       Plaintiff,<br><br>    v.<br><br>REALREAL, INC.,<br>       Defendant. | Case No. 16-cv-00755-HSG   (JCS)<br><br>**ORDER REGARDING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 45, 46 |

## I.   INTRODUCTION

Plaintiff Zee Apparel, Inc. and Defendant The RealReal, Inc. ("TRR") each move to file documents under seal pursuant to Civil Local Rule 79-5(e) based on the opposing party's designation of such documents as confidential. Each party timely responded to its opponent's motion with a declaration in support of sealing. *See* Civ. L.R. 79-5(e)(1).

The sealing motions relate to discovery disputes that have been referred to the undersigned magistrate judge for disposition. The presiding district judge has also referred the sealing motions to the undersigned. *See* dkt. 48. For the reasons discussed below, each party's administrative motion to file documents under seal is GRANTED in part and DENIED in part. The parties are ORDERED to file documents described below in the public record no later than December 15, 2016. *See* Civ. L.R. 79-5(f).

## II.   LEGAL STANDARD

Courts have long recognized a strong presumption of public access to court records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing, *e.g.*, *Nixon v. warner Commc'ns, Inc.*, 435 U.S. 589, 597−98 & n.7 (1978)). A party seeking to overcome that presumption generally must demonstrate "compelling reasons" to file documents under seal rather than in the public record. *Id.* at 1178−79 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d

1122, 1135 (9th Cir. 2003)). The Ninth Circuit recognizes an exception to that standard, requiring a lower showing of "good cause" for sealing discovery documents produced pursuant to a protective order and attached to non-dispositive motions. *Id.* at 1179−80. The Court's analysis below applies the "good cause" standard to the present motions.

Requests to file under seal must be narrowly tailored. *See* Civ. L.R. 79-5(b); *see also In re Hewlett-Packard Co. S'holder Derivative Litig.*, No. 3:12-cv-06003-CRB, ECF Doc. No. 411 (N.D. Cal. July 28, 2015).

### III. ANALYSIS

As a starting point, the Court is not inclined to seal documents simply to spare the parties embarrassment for their own commercial conduct. Both parties' declarations include conclusory assertions that certain material—primarily deposition testimony regarding the parties' involvement with goods that may have been counterfeit—would damage the parties' "reputation and goodwill." *See* DuFrane Decl. (dkt. 50) ¶¶ 6, 8(c); Erez Decl. (dkt. 51) ¶¶ 4(A), 4(C), 5, 6(B)−(C). The Court rejects such assertions as grounds for filing documents under seal. The parties' remaining contentions are discussed below.

#### A. TRR's Motion to File Under Seal

The Court first addresses TRR's motion to file documents under seal, which relates to the joint discovery letter at docket entry 44 and is based on Zee Apparel's designations of confidentiality. *See* Def.'s Mot. to File Under Seal (dkt. 45). Zee Apparel timely filed a declaration by its president Sean Erez in support of sealing much of the material at issue. Accordingly, although this motion is brought by TRR, the analysis below discusses Zee Apparel's arguments for sealing.

Zee Apparel seeks to seal large portions of the excerpts of Erez's deposition that TRR submitted in support of its discovery letter. Erez Decl. ¶ 4 (citing Rauscher Decl. (dkt. 45-2) Ex. 1 (dkt. 45-3, under seal)). As noted above, the Court rejects Zee Apparel's argument that Erez's deposition testimony regarding Zee Apparel, some of its customers, and certain brand owners questioning the authenticity of certain goods that Zee Apparel purchased and sold warrants sealing based on potential reputational harm to Zee Apparel. *See id.* ¶¶ 4(A), (C).

Erez also states that portions of his deposition testimony discussing "[t]he identity (or information related thereto) of certain former suppliers of Zee Apparel" should remain under seal because publication of that information "could provide an unfair advantage to Zee Apparel's competitors and prospective competitors." *Id.* ¶ 4(B). The Court has reviewed the testimony at issue, which includes the first names and trade names of two suppliers with whom Zee Apparel no longer does business because of concerns regarding the authenticity of their products, discussion of various methods by which Erez did or did not communicate with those suppliers, and the fact that the suppliers are located overseas. The testimony does not include the suppliers' contact information (although the portions that Zee Apparel seeks to redact do include multiple instances of Erez explaining that he did not have the suppliers' contact information available at the deposition). The Court discerns no risk of unfair advantage to Zee Apparel's competitors that would result from disclosing that information. The Court therefore DENIES TRR's motion to seal excerpts of Erez's deposition.

Zee Apparel also seeks to seal a letter it received from counsel for brand owner Chanel, accusing Zee Apparel of selling counterfeit merchandise. Erez Decl. ¶ 5 (citing Rauscher Decl. Ex. 2 (dkt. 45-4, under seal)). The only stated basis for sealing that document is that it "could cause damage to Zee Apparel's business reputation and goodwill." *Id.* ¶ 5. The Court declines to seal the letter on that basis, and DENIES TRR's motion to seal this document.

Finally, Zee Apparel seeks to seal redacted portions of TRR's discovery letter, on the grounds that it includes information from the documents discussed above and that it discloses confidential settlement communications by Zee Apparel. *Id.* ¶ 6 (citing Rauscher Decl. Ex. 3 (dkt. 45-5, under seal)). TRR's motion to seal the discovery letter is GRANTED as to the redactions on the first page, which relate to settlement communications, and DENIED as to the remainder of the letter.

TRR is ORDERED to file in the public record a revised redacted version of the joint discovery letter previously filed at docket entry 44 consistent with this Order, and unredacted versions of the exhibits thereto, no later than December 15, 2016.

3

### B. Zee Apparel's Motion to File Under Seal

Zee Apparel's sealing motion regarding the joint discovery letter at docket entry 47 is based on TRR's confidentiality designations. *See* Pl.'s Mot. to File Under Seal (dkt. 46). TRR timely filed a declaration by Dana DuFrane, its vice president of legal affairs, in support of sealing. Accordingly, although this motion is brought by Zee Apparel, the analysis below discusses TRR's arguments for sealing.

First, TRR seeks to seal in full excerpts of the deposition transcript of Carine Karam, a TRR employee, submitted as Exhibit A to the joint discovery letter. According to DuFrane, "[m]ost if not all of the excerpts that provide substantive information discuss confidential information," because "Karam describes internal authentication procedures at [TRR] and discussions related to the personnel records of an employee at [TRR] which are protected under the California constitution." DuFrane Decl. ¶ 4 (citing Trauben Decl. (dkt. 46-1) Ex. 1 (dkt. 46-3, under seal)). DuFrane asserts that disclosure of TRR's authentication procedures could give competitors an unfair advantage and assist counterfeiters in defeating authentication. *Id.* ¶ 8(a).

The Court has reviewed the transcript excerpts at issue and finds no basis for sealing. With respect to authentication procedures, Karam merely describes communications with another individual regarding whether certain items were "sent . . . to authentication." She does not discuss specific procedures that TRR uses to authenticate items, and the Court discerns no risk that disclosing these excerpts would provide an unfair advantage to competitors or counterfeiters. As for personnel records, Karam refused to answer all questions on that subject, based on the instruction of TRR's attorney. The Court is not persuaded that disclosure of Zee Apparel's counsel's *questions* would infringe any privacy right under the California constitution. Zee Apparel's motion to seal excerpts of Karam's deposition transcript is therefore DENIED.

Next, TRR proposes to redact certain portions of the transcript of TRR employee Graham Wetzbarger's deposition on the basis that it too "describes internal authentication procedures." DuFrane Decl. ¶ 5 (citing Trauben Decl. Ex. 2 (dkt. 46-4, under seal)). The Court finds TRR's concerns to be well founded as to these excerpts, which discuss in significantly greater detail than Karam's deposition the procedures that TRR uses when dealing with potential counterfeit goods,

4

and also finds TRR's redactions, *see* DuFrane Decl. Ex. 2 (dkt. 50-1), to be narrowly tailored to material that should remain under seal. Zee Apparel's sealing motion is GRANTED as to those portions of this exhibit.

TRR also proposes to redact portions of its responses to Zee Apparel's discovery requests. DuFrane Decl. ¶ 6. According to TRR, those responses "discuss [TRR's] processing of certain goods consigned by Zee Apparel" and "could cause damages to [TRR's] reputation and goodwill." *Id.* ¶¶ 6, 8(c). DuFrane refers the Court to a redacted portion of the joint discovery letter, which clarifies that TRR is concerned about reputational damage from the fact that it sold goods obtained from Zee Apparel to its customers. *Id.* ¶ 6 (citing Trauben Decl. Ex. 5 (dkt. 50-7, under seal) at 2). In addition to the Court's views discussed above regarding the parties' reputational concerns, the public interest weighs strongly against sealing documents indicating that unsuspecting customers might have received counterfeit goods. Zee Apparel's motion to seal this exhibit is DENIED.

Finally, TRR contends that portions of the joint discovery letter discussing the material addressed above should be redacted. Most of the redactions relate to either Zee Apparel's questioning of Karam or TRR's sale of goods obtained from Zee Apparel to customers. *See* Trauben Decl. Ex. 5 (dkt. 46-7, under seal) at 2−3, 5. As discussed below, those subjects do not warrant sealing. One redaction states the number of times TRR returned questionable items to consignors in 2015. *Id.* at 4. DuFrane's declaration does not adequately explain how disclosure of that statistic would harm TRR. Zee Apparel's motion to seal portions of the joint discovery letter is therefore DENIED.

Zee Apparel is ORDERED to file in the public record an unredacted version of the joint discovery letter previously filed at docket entry 47, and unredacted versions of exhibits A and D thereto, no later than December 15, 2016.[1]

### IV. CONCLUSION

For the reasons discussed above, each party's administrative motion to file under seal is

---

[1] Because TRR has already filed a redacted version of Wetzbarger's deposition transcript, and the Court finds those redactions to be appropriate, Zee Apparel need not file a revised version of that exhibit.

United States District Court
Northern District of California

GRANTED in part and DENIED in part. The parties are ORDERED to file materials in the public record as described above no later than December 15, 2016.

**IT IS SO ORDERED.**

Dated: December 8, 2016

JOSEPH C. SPERO
Chief Magistrate Judge