1   Mike Bettinger, SBN 122196
    mbettinger@sidley.com
2   Ezekiel L. Rauscher, SBN 269141
    erauscher@sidley.com
3   SIDLEY AUSTIN LLP
    555 California Street, Suite 2000
4   San Francisco, California  94104
    Telephone:  +1 415 772-1200
5   Facsimile:  +1 415 772-7400

6   Attorneys for THE REALREAL, INC.

7

8               UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11  | ZEE APPAREL INC. d/b/a SHOP UNDER, | Case No. 16-cv-00755-HSG |

ZEE APPAREL INC. d/b/a SHOP UNDER,
a corporation incorporated under the laws of
the Province of Quebec, Canada

                    Plaintiff/Counterdefendant,

vs.

THE REALREAL, INC.,
a Delaware corporation,

                    Defendant/Counterclaimant.

Case No. 16-cv-00755-HSG

**THE REALREAL, INC.'S MOTION FOR
SUMMARY JUDGMENT**

**REDACTED VERSION OF DOCUMENT
SOUGHT TO BE SEALED**

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 2

II.   BACKGROUND FACTS ..................................................................................... 4

III.  LEGAL STANDARD.......................................................................................... 6

IV.   ARGUMENT ...................................................................................................... 7

    A.   Federal Law Bars The RealReal From Returning the Counterfeit Goods to Zee
        Apparel................................................................................................................. 7

        1.   The Counterfeit Goods Are Counterfeit ................................................... 8

                a.   Graham Wetzbarger's Determination ........................................... 10

                b.   Louis Vuitton's Determination ..................................................... 10

                c.   ████████████████ ................................................. 11

                d.   ██████████████ ................................................. 12

        2.   The RealReal Correctly Determined That Zee Apparel Would Traffic Any
            Counterfeit Goods That The RealReal Returned To Zee Apparel............ 13

    B.   Zee Apparel's Breach of Contract Claim Fails Because Zee Apparel Breached the
        Contract............................................................................................................. 14

    C.   Zee Apparel Cannot Show That It Suffered Any Damages................................. 15

    D.   The RealReal Prevails On Its Counterclaims for Breach of Contract and Declaratory
        Relief................................................................................................................. 16

V.    CONCLUSION.................................................................................................. 17

1

## TABLE OF AUTHORITIES

2

Page(s)

3

**Cases**

4

*Acoustics, Inc. v. Trepte Constr. Co.*,
5
   14 Cal. App. 3d 887 (1971) ..................................................................................6, 14

6

*B-K Lighting, Inc. v. Vision3 Lighting*,
   930 F. Supp. 2d 1102 (C.D. Cal. 2013) .........................................................................9

7

*Byrnie v. Town of Cromwell*,
8
   243 F.3d 93 (2d Cir. 2001)...........................................................................................12

9

*Cambridge Elecs. Corp. v. MGA Elecs., Inc.*,
10
   227 F.R.D. 313 (C.D. Cal. 2004) ...................................................................................9

11

*Consol. World Invs., Inc. v. Lido Preferred Ltd.*,
   9 Cal. App. 4th 373 (1992) ...........................................................................................14

12

*Martel v. Stafford*,
13
   992 F.2d 1244 (1st Cir. 1993) ........................................................................................9

14

*Rainey v. Am. Forest & Paper Ass'n, Inc.*,
15
   26 F. Supp. 2d 82 (D.D.C. 1998) .....................................................................12, 13, 16

16

*Reichert v. Gen. Ins. Co of Am.*,
   68 Cal. 2d 822 (1968) ...................................................................................................14

17

*Republic Pictures Corp. v. Rogers*,
18
   213 F.2d 662 (9th Cir. 1954) ..........................................................................................6

19

*Residential Funding Corp. v. DeGeorge Fin. Corp.*,
20
   306 F.3d 99 (2d Cir. 2002)......................................................................................12, 16

21

*Sunrise Specialty Co. v. Scottsdale Ins. Co.*,
   Case No. 16-cv-01461-HSG, 2016 WL 5358591 (N.D. Cal. Sept. 26, 2016)...............6

22

*United States v. Cowart*,
23
   595 F.2d 1023 (5th Cir. 1979) ........................................................................................7

24

*United States v. Farley*,
   844 F.2d 792 (9th Cir. 1988) ..........................................................................................7

25

*United States v. Lane*,
26
   514 F.2d 22 (9th Cir. 1975) ............................................................................................7

27

*United States v. Smith*,
28
   832 F.2d 1167 (9th Cir. 1987) ........................................................................................7

ii

*Woods v. DeAngelo Marine Exhaust, Inc.,*
   692 F.3d 1272, 1280 (Fed. Cir. 2012)..........................................................................................9

**Rules & Statutes**

18 U.S.C. § 2320...........................................................................................................7, 8, 14, 15

18 U.S.C § 2320(f)(2)....................................................................................................................7

Fed. R. Civ. P. 11...........................................................................................................................8

Fed. R. Civ. P. 26(a)(2)(C)............................................................................................................9

Fed. R. Civ. P. 30(b)(6)...............................................................................................................13

Fed. R. Civ. P. 56.......................................................................................................................1, 6

Fed. R. Evid. 701...........................................................................................................................9

Fed. R. Evid. 702...........................................................................................................................9

Fed. R. Evid. 801(c)......................................................................................................................9

Fed. R. Evid. 802...........................................................................................................................9

Cal. Civ. Code § 1636....................................................................................................................8

Cal. Civ. Code § 1643....................................................................................................................8

Cal. Civ. Code § 1667....................................................................................................................8

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 12, 2017, at 2:00 p.m. in Courtroom 10, 19th Floor of the United States District Court for the Northern District of California located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant and Counterclaimant The RealReal, Inc. ("The RealReal") will and hereby does move this Court for summary judgment in The RealReal's favor on all of Zee Apparel, Inc.'s ("Zee Apparel") claims asserted in Zee Apparel's Complaint (ECF No. 1), and for summary judgment in The RealReal's favor on The RealReal's counterclaims for breach of contract and declaratory relief asserted as Counts I and III in The RealReal's Answer and CounterClaims (ECF No. 20) pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The Motion will be based upon this Notice, the Memorandum of Points and Authorities, the Declarations of Ezekiel L. Rauscher and Graham Wetzbarger and Exhibits filed herewith, the Proposed Order, and other such argument and evidence as the Court may consider at the hearing on the Motion.

1

## I.     INTRODUCTION

2         The RealReal Inc. ("The RealReal") is recognized as the pioneer in the online luxury goods

3    consignment market.  Founded in March 2011, The RealReal launched an e-commerce business

4    offering exclusive, membership-only, online sales of authenticated, pre-owned luxury goods.  As

5    The RealReal makes clear to both its consignors and its customers, ensuring the authenticity of the

6    items purchased from its web-site is the cornerstone of The RealReal's business.

7         In or around January 2015, Zee Apparel, Inc. ("Zee Apparel") an entity owned by Sean Erez,

8    began a consignment relationship with The RealReal.  From then until November 2015, Zee Apparel

9    consigned a relatively small number of inexpensive, authentic goods with The RealReal.

10        In late November and early December 2015, Zee Apparel attempted to consign larger

11   quantities of more expensive goods.  After an inspection and initial determination that many of the

12   goods in these larger consignments appeared to be counterfeit, The RealReal contacted Zee Apparel

13   and asked for sales receipts or other proof of authenticity.  Rather than assisting The RealReal or

14   otherwise responding with any proof of authenticity, Mr. Erez lashed out at The RealReal's team

15   attempting to establish the authenticity of the items he sent for consignment.  He cursed at The

16   RealReal's employees and threatened to "create a nightmare" for The RealReal if it did not

17   immediately return the goods to Zee Apparel.

18        Through its independent efforts to determine the authenticity of the goods, The RealReal then

19   learned that in 2001 Mr. Erez had been sentenced to 180 months in prison for running an

20   international drug-smuggling enterprise in which he recruited Hasidic Jews to smuggle over 750,000

21   tablets of ecstasy into the United States in less than a year.  After he was transferred from a United

22   States prison to Canada and paroled there, he was again convicted for possessing four kilograms of

23   cocaine for the purpose of trafficking.

24        Having discovered that Mr. Erez was attempting to operate a new criminal enterprise by

25   trafficking counterfeit goods through its web-site, The RealReal severed all ties with Zee Apparel

26   and Mr. Erez.  The RealReal then undertook a more comprehensive evaluation of all the goods in its

27   possession that had been consigned by Zee Apparel, sequestered the goods that it determined to be

28   counterfeit ("Counterfeit Goods") and returned to Zee Apparel the goods that it could not determine

to be counterfeit ("Returned Goods").  The RealReal also reached out to Louis Vuitton, which evaluated and likewise confirmed The RealReal's determination that certain of the Counterfeit Goods are counterfeit. ███████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████

Zee Apparel filed the instant lawsuit arguing that The RealReal's terms and conditions form a binding agreement that requires The RealReal to return the Counterfeit Goods.  Zee Apparel ignores the fact that, under the same terms and conditions, Zee Apparel agreed to consign authentic goods and expressly represented that its goods did not violate any trademark.  And even construed in the light most favorable to Zee Apparel, the terms and conditions state that The RealReal allows consignors to retrieve counterfeit goods only to the extent permitted by federal law.

If The RealReal had returned the Counterfeit Goods, Zee Apparel would have continued to violate federal anti-trafficking laws by selling the Counterfeit Goods or sending them to other traffickers to be sold elsewhere.  On that basis, consistent with its terms and conditions, The RealReal retained the Counterfeit Goods and prevented them from being sold to unsuspecting consumers.

Zee Apparel's breach of contract claim therefore fails as a matter of law.  Even if the terms and conditions could be interpreted as requiring The RealReal to return the Counterfeit Goods, the Court cannot adopt that interpretation because it is contrary to federal anti-trafficking laws.  Zee Apparel's claim for conversion fails for the same reason: the Court cannot force The RealReal to return the Counterfeit Goods because to do so would assist Zee Apparel in its efforts to traffick counterfeit goods, and would expose The RealReal to criminal liability as an aider and abettor.

Zee Apparel's breach of contract claim also seeks monetary damages based on alleged physical damages to and delays in return of the Returned Goods.  Zee Apparel's refusal to provide documents and information central to its claims for damages under those theories bars Zee Apparel

1   from introducing any evidence to support them.[1]  Zee Apparel's claims for such damages therefore

2   fail as a matter of law.

3         The RealReal also filed counterclaims for breach of contract and declaratory judgment that

4   The RealReal need not return the Counterfeit Goods to Zee Apparel.  Because there is no material

5   dispute that the Counterfeit Goods are counterfeit, The RealReal prevails on these counterclaims as a

6   matter of law.

7   **II.**     **BACKGROUND FACTS**[2]

8         In its Complaint, Zee Apparel states: "ZEE APPAREL, as consignor, and TRR entered into a

9   contract, specifically the Agreement attached as Exhibit 'A' hereto."  ECF No. 1 at ¶ 31; ECF No. 1-

10  1. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16         The terms and conditions provide: "Consignor will not provide counterfeit items for

17  consignment."  ECF No. 1-1 at § 4.  They also state: "Consignor . . . represents and warrants that the

18  Property does not infringe upon or violate any trademark, copyright, or other proprietary right of any

19  third party, any state or federal law, or any administrative regulation."  *Id.* at §14; *see also* Erez Dep.

20  at 82:15-21.

---

[1] This and Zee Apparel's numerous other discovery violations are addressed in a discovery letter brief requesting terminating sanctions and will soon be the subject of a formal noticed motion for terminating sanctions.  *See* ECF Nos. 44, 53.

[2] Much of Mr. Erez's testimony is unbelievable.  But for purposes of this Motion, The RealReal treats and discusses his admissions as a corporate representative as though they were fact.

[3] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Although this and other evidence supports The RealReal's assertions in its counterclaims that the parties' agreement included the authenticity policy and other written terms beyond those that Zee Apparel alleges were part of the agreement, The RealReal bases its arguments in this Motion solely on the written terms that Zee Apparel asserts were part of the parties' agreement.



The RealReal's Senior Director responsible for authentication ultimately inspected all of the Counterfeit Goods. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and determined them to be counterfeit.  Decl. of Graham Wetzbarger in Support of Mot. for Summ. J. ("Wetzbarger Decl.") at ¶¶ 10-13. ▮▮▮▮▮▮▮▮▮

1

2

3

4

5

6   After learning that Zee Apparel was trafficking counterfeit goods and attempting to use The

7   RealReal's web-site to do so, The RealReal severed all ties with Zee Apparel.  The RealReal refuses

8   to return the Counterfeit Goods because to do so would further Zee Apparel's criminal enterprise.

9   The RealReal returned the Returned Goods to Zee Apparel because it could not determine them to be

10  counterfeit.  *See*, *e.g.*, Erez Dep. at 296:3-12; Wetzbarger Decl. at ¶ 10.

11  **III.    LEGAL STANDARD**

12  The Court is familiar with the standards for summary judgment under Rule 56 of the Federal

13  Rules of Civil Procedure.  *See Sunrise Specialty Co. v. Scottsdale Ins. Co.*, Case No. 16-cv-01461-

14  HSG, 2016 WL 5358591, at *3 (N.D. Cal. Sept. 26, 2016) (ruling on cross-motions for summary

15  judgment on contract claim).

16  In this diversity case, contracts "will be interpreted so as to reach the same results as would

17  be reached in a California court."  *Republic Pictures Corp. v. Rogers*, 213 F.2d 662, 664 (9th Cir.

18  1954); *see also* ECF No. 1-1 at §15 ("This Agreement shall be governed as to validity,

19  interpretation, construction, effect, and in all other respects by the laws and decisions of the State of

20  California, without regards to its conflict-of-law provisions.").

21  "A statement of a cause of action for breach of contract requires a pleading of (1) the

22  contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4)

23  damage to plaintiff therefrom."  *Acoustics, Inc. v. Trepte Constr. Co.*, 14 Cal. App. 3d 887, 913

24  (1971) (citing 2 Witkin, Cal. Proc. (1954) Pleading, § 251, p. 1226).

25

26

27

28

## IV.   ARGUMENT

### A.   Federal Law Bars The RealReal From Returning the Counterfeit Goods to Zee Apparel

18 U.S.C. section 2320 makes it a crime to knowingly transfer counterfeit goods for a commercial advantage or private financial gain, which "includes the receipt, or expected receipt, of anything of value." 18 U.S.C § 2320(f)(2). In December 2015, The RealReal learned that: (1) Zee Apparel had shipped numerous counterfeit goods to The RealReal; and (2) if The RealReal returned the counterfeits to Zee Apparel, Zee Apparel would transfer them in violation of section 2320. The RealReal therefore refused to return the Counterfeit Goods to Zee Apparel because to do so not only would be contrary to The RealReal's core principles and allow Zee Apparel or its sources to sell the Counterfeit Goods to consumers through other channels, but also would expose The RealReal to criminal liability as an aider and abettor under 18 U.S.C. section 2.[4]

Zee Apparel's claim for breach of contract is barred for two independent reasons. First, the terms of the contract—as alleged by Zee Apparel—state at most that The RealReal will allow Zee Apparel to retrieve counterfeit goods "subject to applicable statute and federal laws regarding the shipment of counterfeit goods," and federal law prohibits The RealReal from allowing Zee Apparel to retrieve the goods. ECF No. 1-1 at § 4. Second, even if the terms could be construed as requiring The RealReal to return the Counterfeit Goods, the Court cannot adopt that interpretation because it

---

[4] *See United States v. Farley*, 844 F.2d 792 (9th Cir. 1988) (citations omitted) ("To sustain the conviction on the basis that [defendant] aided and abetted a violation of 18 U.S.C. § 1462, the evidence must show that [defendant] knowingly acted to assist or cause someone else to commit the acts that violate the statute."); *United States v. Smith*, 832 F.2d 1167, 1171–72 (9th Cir. 1987) (quoting *United States v. Cowart*, 595 F.2d 1023, 1031 (5th Cir. 1979)) ("Once there is proof that [defendant] 'engaged in some affirmative conduct designed to aid in the success of the venture,' the only intent required for aiding and abetting is '*knowledge that his actions would assist the perpetrator, the principal of the crime.*'"); *United States v. Lane*, 514 F.2d 22, 27 (9th Cir. 1975) (internal citations omitted) ("It is immaterial that [the defendant] did not know all the details of the crime, or all of the persons who were perpetrating the crime. Neither is it necessary that he have an active stake in the outcome of the crime, or that there was an agreement between him and the [principals]. It is enough that he acted with criminal intent and design to assist the perpetrators of the crime.").

1  would violate both the letter and the spirit of 18 U.S.C. section 2320.[5]  Zee Apparel's claim for

2  conversion, which seeks return of the Counterfeit Goods, is also barred as a matter of law because it

3  asks the Court to force The RealReal to assist Zee Apparel in its criminal enterprise.

4          **1.**        **The Counterfeit Goods Are Counterfeit**

5       The RealReal's Senior Director of Authentication, Graham Wetzbarger, personally inspected

6  all of the Counterfeit Goods and determined that each of them is counterfeit.  Wetzbarger Decl. at

7  ¶¶ 10-13.

8  ████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████

10 █████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████████

12 ██████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████

14 ██████████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████████

17 ██████████████████████████████████████████████████████████

18 ███████████████████████████

19      Not once in this litigation has Zee Apparel contended that the Counterfeit Goods are

20 authentic, probably because its attorneys fear Rule 11 sanctions.  ███████████████████

21 ████████████████████████████████████████████████████████████

22 ██████████████████████████████████████████████████████████

23

24 ―――――――――――――――――――
[5] "A contract must receive such an interpretation as will make it lawful, operative, definite,

25 reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties."  Cal. Civ. Code § 1643; *see also* Cal. Civ. Code § 1636 ("A contract must be so

26 interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful."); Cal. Civ. Code § 1667 ("That is not

27 lawful which is: (1) Contrary to an express provision of law; (2) Contrary to the policy of express law, though not expressly prohibited . . . .").

28

█████████████████████████████████████████████████████████████

For that reason alone, the Court should strike any argument that the Counterfeit Goods are authentic. *See B-K Lighting, Inc. v. Vision3 Lighting*, 930 F. Supp. 2d 1102, 1137 (C.D. Cal. 2013) (citing *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012)) (striking infringement arguments in part because they were not disclosed in response to contention interrogatories); *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 323-25 (C.D. Cal. 2004) (striking declarations containing evidence that was not disclosed in interrogatory responses).

Zee Apparel also submitted declarations to United States Customs (which Zee Apparel withheld in discovery) stating that the Counterfeit Goods were handbags and scarves worth $5 to $50 (or sometimes "backpacks" or "picture frames").  Rauscher Decl. Ex. J (documents produced by FedEx Express relating to packages of goods shipped by Zee Apparel to The RealReal for consignment); *see also id.* Exs. K-O (emails corresponding to FedEx Express packages of goods shipped by Zee Apparel to The RealReal for consignment).  Although not judicial admissions, these sworn statements—standing alone—carry so much evidentiary weight that they arguably serve as a binding admission that the Counterfeit Goods are <u>not</u> authentic designer handbags worth between $550 and $3,800 and authentic luxury scarves worth $475, as Zee Apparel represented to The RealReal.  *See, e.g.*, *Martel v. Stafford*, 992 F.2d 1244, 1248 (1st Cir. 1993) (emphasis added) (although ordinarily statements in briefs from *other* cases are not judicial admissions, they "may achieve binding force in highly unusual circumstances . . . .").

██████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████

███

█████████████████████████████████████████████████

1  ████████████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████████

8  ██████████████████████████████████

9      ████████████████████████████████████████████████████

10  ██████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████

14  ███████████████████

### a.    Graham Wetzbarger's Determination

Graham Wetzbarger, The RealReal's in-house authentication expert, personally inspected all of the Counterfeit Goods and determined they are counterfeit.  Wetzbarger Decl. at ¶ 10-13.  Mr. Wetzbarger's declaration provides his qualifications as an expert and the basis for his opinion that all of the Counterfeit Goods are counterfeit.  *Id.* at ¶¶ 1-4, 10-13.  ████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████

### b.    Louis Vuitton's Determination

On December 8, 2015, The RealReal shipped certain goods consigned by Zee Apparel, including a Celine Tie Tote, to Louis Vuitton to be evaluated for authenticity.  Rauscher Decl. Ex. R; Wetzbarger Decl. at ¶ 8.  ██████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████



On September 19, 2016, The RealReal shipped the following goods consigned by Zee Apparel to Mr. Maltbie: (a) the same Celine Tie Tote that Mr. Maltbie originally inspected; (b) four near-identical Celine Tie Totes; and (c) twenty Louis Vuitton scarves.  Wetzbarger Decl. at ¶ 8.



THE REALREAL, INC.'S MOTION FOR SUMMARY JUDGMENT - CASE NO. 16-CV-00755-HSG



**2.    The RealReal Correctly Determined That Zee Apparel Would Traffic Any Counterfeit Goods That The RealReal Returned To Zee Apparel**

In early December 2015, The RealReal determined that a large number of the goods consigned by Zee Apparel appeared to be counterfeit.  Wetzbarger Decl. at ¶¶ 5-8.   The sophistication of the counterfeits, the fact that Mr. Erez had attempted to consign so many of them, and his threatening response to The RealReal's request for evidence of authenticity immediately caused The RealReal to suspect that Mr. Erez was attempting to defraud The RealReal and its customers by trafficking counterfeit goods.  *Id.* at ¶ 7.

Following its policies, The RealReal asked Mr. Erez for a purchase order from the source of the goods, or for other "relevant information [he] may have, such as sales receipts, contact information, or other documentation from whomever sold [him] the items."  Rauscher Decl. Ex. Z at TRR-ZAI_00001629.  Instead of attempting to establish the authenticity of the goods as an honest businessperson would, Mr. Erez cursed at The RealReal's employees, threatened to "create a nightmare" for The RealReal, and refused to disclose any information about the origins of the Counterfeit Goods.  Erez Dep. at 60:8-24, 332:24-334:21 (Rauscher Decl. Ex. AA), 339:17-342:22 (Rauscher Decl. Exs. V and BB).  Mr. Erez demanded that all of his goods be returned to him immediately so that he would not miss out on holiday sales. Erez Dep. at 286:16-289:2 (Rauscher

1   Decl. Ex. CC).

2         On or about December 15, 2016, The RealReal became aware of internet news articles

3   stating that Sean Erez was a "ruthless drug kingpin" who "built an empire in which more than

4   750,000 pills were smuggled in[to the United States] from illegal factories in Holland by Orthodox,

5   plain-dressing Jews."  Wetzbarger Decl. at ¶ 9; Rauscher Decl. Ex. DD (Tucker, R., "Schlepping

6   toward ecstasy," *New York Post*, May 23, 2010).  The news stories stated that, although he was

7   sentenced to 15 years in prison in the United States, Mr. Erez was paroled in Canada where he was

8   again charged with trafficking cocaine.  Wetzbarger Decl. at ¶ 9; *see also* Rauscher Decl. Ex. EE

9   (Powell, B. "Jury in cocaine case didn't know accused past," *The Star*, Sept. 30, 2008).

10        Based on the foregoing, The RealReal accurately concluded that Mr. Erez would simply

11  traffick the Counterfeit Goods elsewhere if The RealReal returned them to him. ███████

12  ████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████

21  ████████████████

22        **B.    Zee Apparel's Breach of Contract Claim Fails Because Zee Apparel Breached
              the Contract**

23

24        "It is elementary a plaintiff suing for breach of contract must prove it has performed all

25  conditions on its part or that it was excused from performance."  *Consol. World Invs., Inc. v. Lido

26  Preferred Ltd.*, 9 Cal. App. 4th 373, 380 (1992) (citing *Reichert v. Gen. Ins. Co of Am.*, 68 Cal. 2d

27  822, 830 (1968)); *see also Acoustics, Inc.*, 14 Cal. App. 3d at 913 (citing 2 Witkin, Cal. . (1954)

28  Pleading, § 251, p. 1226).

The contract that Zee Apparel alleges to exist states: "Consignor will not provide counterfeit items for consignment."  ECF No. 1-1 at § 4; *see also id.* at §14 ("Consignor . . . represents and warrants that the Property does not infringe upon or violate any trademark . . . ."); Erez Dep. at 82:15-21; *see also id.* at 63:19-65:1, 65:14-66:5, 383:14-384:25.

As discussed above, the Counterfeit Goods are counterfeit and violate the trademarks of the brands whose goods they imitate.  Zee Apparel therefore failed to perform under the contract that it seeks to enforce, and cannot satisfy the elements of a breach of contract claim as a matter of California law.

**C.     Zee Apparel Cannot Show That It Suffered Any Damages**

As discussed above, Zee Apparel cannot sell the Counterfeit Goods, return them for a refund, or otherwise transfer them in exchange for consideration without violating 18 U.S.C. section 2320. The Counterfeit Goods therefore have a value of zero.

Zee Apparel also refused to produce its accounting records that it claims show how much Zee Apparel paid for either the Counterfeit Goods or the Returned Goods. ███████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████     ████     █████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████     Given Zee

---

[7] Zee Apparel did not disclose Ms. Block as a potential witness.  *See* Rauscher Decl. Ex. P. Although Ms. Block organized the production, Mr. Erez was unprepared to testify about how Zee ██████████████████████████████████████████████████████████
████████████████████████████████████████████

Apparel's claim that it had zero written communications with the sources of the Counterfeit Goods,[8]

TRR sought <u>all</u> invoices from the sources—not just those for the goods at issue.  Rauscher Decl. Ex.

MM at 6-7, 10-11 (Request Nos. 24, 25, 32).  ████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████

     ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████

████████████████████

     Because Zee Apparel either destroyed or refused to produce these relevant documents, Zee

Apparel should suffer adverse inferences that it paid nothing for the Counterfeit Goods or the

Returned Goods and sold the Returned Goods for as much or more than it would have earned on

commission had it successfully consigned them with The RealReal.  *See Residential Funding Corp.*,

306 F.3d at 107; *Rainey*, 26 F. Supp. 2d 82 at 95.  Because Zee Apparel has no admissible evidence

to prove its damages, its claims for damages fail as a matter of law.

     **D.    The RealReal Prevails On Its Counterclaims for Breach of Contract and
             Declaratory Relief**

     To the extent Zee Apparel will even argue that the Counterfeit Goods are authentic, the

undisputed evidence that they are counterfeit is sufficient to grant The RealReal summary judgment

on Count III of its counterclaims, which seeks declaratory judgment that the Counterfeit Goods are

counterfeit and that The RealReal is not required to return them to Zee Apparel.

     As to The RealReal's breach of contract counterclaim asserted as Count I, Zee Apparel

---

[8] A claim that is incredible given that Zee Apparel (a) had e-mail addresses for both of the sources and (b) paid hundreds of thousands of dollars to them.

admits that an agreement existed between the parties as reflected in Exhibit A to Zee Apparel's Complaint.[9]  *See* ECF No. 1 at 6:21-22; Erez Dep. at 63:19-65:1, 383:14-384:25 (Rauscher Decl. Ex. B).  Zee Apparel alleges that The RealReal failed to perform under that agreement by: (1) damaging some of the Returned Goods; (2) delaying return of the Returned Goods; (3) retaining the Counterfeit Goods; and (4) allowing The RealReal's customers to return goods consigned by Zee Apparel to The RealReal.  ECF No. 1 at 6:27-7:13.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

These four alleged breaches by The RealReal all resulted from Zee Apparel's earlier breach. The RealReal would not have been required to sever ties with Zee Apparel and send back the Returned Goods but for Zee Apparel's shipment of counterfeit goods to The RealReal.  The RealReal would not have sequestered the Counterfeit Goods had they been authentic.  The RealReal would not have allowed its customers to return Zee Apparel's goods but for Zee Apparel's shipment of counterfeit goods to The RealReal.  Therefore, assuming that Zee Apparel could provide material evidence establishing these alleged breaches, The RealReal would be excused from performance based on Zee Apparel's attempt to consign counterfeit goods in violation of The RealReal's terms and conditions.

## V.      CONCLUSION

For all of these reasons, Zee Apparel's claims fail as a matter of law, and The RealReal prevails on its claims for breach of contract and declaratory relief as a matter of law.  The RealReal requests that Court GRANT this Motion as set forth in the proposed order.

---

[9] The RealReal asserts in its counterclaims that additional terms on the web-site applied—the general Terms of Service and the Authenticity Policy.  *See* ECF No. 20 at 21:5-9; ECF Nos. 20-2, 20-3.  But for purposes of this Motion, The RealReal assumes that only the terms alleged by Zee Apparel apply.

Dated: December 8, 2016

SIDLEY AUSTIN LLP


By:_/s/ Ezekiel L. Rauscher_____

Mike Bettinger, SBN 122196
mbettinger@sidley.com
Ezekiel L. Rauscher, SBN 269141
erauscher@sidley.com
Attorneys for REALREAL, INC.