# EXHIBIT W

**LUCAS SAVITZ P.L.**
Hal M. Lucas *(Admitted pro hac vice)*
169 East Flagler Street, Suite 1534
Miami, FL 33131
Telephone:     (305) 767-1450
Facsimile:      (305) 767-1453
hlucas@lucassavitz.com

**SINGH, SINGH & TRAUBEN, LLP**
Michael A. Trauben (SBN: 277557)
400 S. Beverly Drive, Suite 240
Beverly Hills, CA 90212
Telephone:     (310) 856-9705
Facsimile:      (888) 734-3555
mtrauben@singhtraubenlaw.com

*Attorneys for Plaintiff/Counterdefendant*
ZEE APPAREL INC. d/b/a SHOP UNDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ZEE APPAREL INC. d/b/a SHOP UNDER, a corporation incorporated under the laws of the Province of Quebec, Canada,<br><br>              Plaintiff/Counterdefendant,<br><br>v.<br><br>THE REALREAL, INC., a Delaware corporation,<br><br>              Defendant/Counterclaimant. | Case No. 3:16-cv-00755-HSG<br><br>**PLAINTIFF/COUNTERDEFENDANT ZEE APPAREL INC. D/B/A SHOP UNDER'S RESPONSES AND OBJECTIONS TO DEFENDANT/COUNTERCLAIMANT THE REALREAL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Plaintiff/Counterdefendant Zee Apparel Inc. d/b/a Shop Under ("Zee Apparel") hereby responds to Defendant/Counterclaimant The RealReal, Inc.'s First Set of Requests for Production of Documents and Things ("TRR's First Set of Requests for Production"), as follows:

1

## GENERAL STATEMENTS

1. These responses are made solely for the purpose of this action and are subject to all objections as to competence, authenticity, relevance, materiality, propriety, admissibility, and any and all other objections and grounds which would or could require or permit the exclusion of any document or statement therein from evidence, all of which objections and grounds are reserved and may be interposed at any time in this action, including, but not limited to, at the time of trial.

2. Zee Apparel objects to any request to produce "all documents" or "all communications" pertaining to any subject matter to the extent it seeks the disclosure of (a) communications between Zee Apparel and legal counsel or other documents or communications protected by the attorney-client privilege; and/or (b) documents prepared in anticipation of litigation or for trial or that otherwise are protected by the work product doctrine, including, but not limited to, attorney work product.

3. Zee Apparel objects to Instruction Number 2 in TRR's First Set of Requests for Production to the extent that it seeks to require Zee Apparel to answer each request (in TRR's First Set of Requests for Production) "under oath." Zee Apparel does not respond to any such request "under oath," as it is not required to do so under the applicable Rules.

## ZEE APPAREL'S RESPONSES TO TRR'S REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All DOCUMENTS relating to the RETAINED GOODS, including but not limited to DOCUMENTS relating to the authenticity of the RETAINED GOODS (or lack thereof), origin of the RETAINED GOODS, YOUR acquisition of the RETAINED GOODS, and/or shipment of the RETAINED GOODS.

**RESPONSE TO REQUEST NO. 1:**

Objection. This request is overly broad and unduly burdensome to the extent that it seeks all documents relating to the retained goods, irrespective of whether any such document has any relevance to any claim or defense in this action. The request also seeks the production of documents that may contain confidential information. Subject to and without waiver of the foregoing Objection, on a mutually agreeable date following the Court's entry of an Order protecting the confidentiality of any

such information, Zee Apparel will produce documents, if any, (a) concerning the association between the retained goods and the consignment relationship between Zee Apparel and TRR; (b) reflecting the authenticity of the retained goods; and/or (c) reflecting Zee Apparel's acquisition of the retained goods, and that Zee Apparel is able to locate utilizing a reasonable search. (Zee Apparel has been informed that The RealReal, Inc. ("TRR") is currently in the process of preparing a proposed Protective Order for Zee Apparel's review and comments.)

**REQUEST NO. 2:**

All COMMUNICATIONS between YOU and the PERSON(S) from whom YOU acquired the RETAINED GOODS, including but not limited to COMMUNICATIONS relating to the RETAINED GOODS, COMMUNICATIONS relating to the authenticity (or lack thereof) of handbags, scarves, and/or any other items made or purported to be made by the same manufacturer(s) that made the RETAINED GOODS, and COMMUNICATIONS relating to the authenticity (or lack thereof) of any other handbags, scarves, and/or other items.

**RESPONSE TO REQUEST NO. 2:**

Objection. This request is overly broad and unduly burdensome to the extent that it seeks all communications between Zee Apparel and the person(s) from whom Zee Apparel acquired the retained goods, irrespective of whether any such communication has any relevance to any claim or defense in this action. In addition, no time-period limitation is included as to the requested communications, and the request seeks the production of documents that may contain confidential information. Subject to and without waiver of the foregoing Objection, on a mutually agreeable date following the Court's entry of an Order protecting the confidentiality of any such information, Zee Apparel will produce documents, if any, reflecting Zee Apparel's acquisition of the retained goods, and that Zee Apparel is able to locate utilizing a reasonable search. (Zee Apparel has been informed that TRR is currently in the process of preparing a proposed Protective Order for Zee Apparel's review and comments.)

**REQUEST NO. 3:**

All COMMUNICATIONS relating to the RETAINED GOODS, including but not limited to customer complaints and/or communications from potential or actual consignors and/or resellers.

**RESPONSE TO REQUEST NO. 3:**

Objection. This request is overly broad and unduly burdensome to the extent that it is not limited to documents that are relevant to any claim or defense in this action. It is also vague, ambiguous, overly broad, and unduly burdensome because it seeks categories of "communications," but does not provide any limitation as to the parties to such communications. In addition, the request seeks the production of documents that may contain confidential information. Subject to and without waiver of the foregoing Objection, on a mutually agreeable date following the Court's entry of an Order protecting the confidentiality of any such information, Zee Apparel will produce documents, if any, reflecting Zee Apparel's communications with TRR concerning the association between the retained goods and the consignment relationship between Zee Apparel and TRR (as Zee Apparel did not have any consignees or direct customers with respect to the retained goods, other than TRR), and that Zee Apparel is able to locate utilizing a reasonable search. (Zee Apparel has been informed that TRR is currently in the process of preparing a proposed Protective Order for Zee Apparel's review and comments.)

**REQUEST NO. 4:**

All COMMUNICATIONS relating to the authenticity (or lack thereof) of handbags, scarves, and/or any other items that were made or purportedly made by the same manufacturer(s) that made the RETAINED GOODS or that YOU acquired from the same PERSON(S) from whom YOU acquired the RETAINED GOODS, including but not limited to end-customer complaints and/or complaints from potential or actual consignors and/or resellers.

**RESPONSE TO REQUEST NO. 4:**

Objection. The subjects of this action are Zee Apparel's goods that TRR has retained (notwithstanding Zee Apparel's demand for the return of such goods) and Zee Apparel's goods that TRR has returned to Zee Apparel. TRR's request, however, seeks documents related entirely to items or goods that are not subject of this action – that is, items or goods other than Zee Apparel's goods that TRR has retained or returned – and therefore the documents sought in this request are not relevant to any claim or defense in this action. Pursuant to Federal Rule of Civil Procedure 26(b)(1), such request is outside the scope

1  of permitted discovery and Zee Apparel is withholding any documents in its possession, custody, or
2  control that are responsive thereto.
3  This request is also vague, ambiguous, overly broad, and unduly burdensome because it seeks
4  categories of "communications," but does not provide any limitation as to the parties to such
5  communications.  In addition, no time-period limitation is included as to the requested
6  communications, and the request seeks the production of documents that may contain confidential
7  information.

**REQUEST NO. 5:**

All DOCUMENTS relating to YOUR sale, attempted sale, consignment, attempted consignment, and/or other transfer of physical possession or any legal right related to the RETAINED GOODS and/or the RETURNED GOODS.

**RESPONSE TO REQUEST NO. 5:**

Objection.  This request seeks the production of documents that may contain confidential information. Subject to and without waiver of the foregoing Objection, on a mutually agreeable date following the Court's entry of an Order protecting the confidentiality of any such information, Zee Apparel will produce responsive documents, if any, that Zee Apparel is able to locate utilizing a reasonable search. (Zee Apparel has been informed that TRR is currently in the process of preparing a proposed Protective Order for Zee Apparel's review and comments.)

**REQUEST NO. 6:**

All DOCUMENTS relating to YOUR sale, attempted sale, consignment, attempted consignment, and/or other transfer of physical possession or any legal right related to handbags, scarves, and/or any other items that were made or purportedly made by the same manufacturer(s) that made the RETAINED GOODS or that YOU acquired form [sic] the same PERSON(S) from whom YOU acquired the RETAINED GOODS.

**RESPONSE TO REQUEST NO. 6:**

Objection.  The subjects of this action are Zee Apparel's goods that TRR has retained (notwithstanding Zee Apparel's demand for the return of such goods) and Zee Apparel's goods that TRR has returned to

Zee Apparel. TRR's request, however, seeks documents related entirely to items or goods that are not subject of this action – that is, items or goods other than Zee Apparel's goods that TRR has retained or returned – and therefore the documents sought in this request are not relevant to any claim or defense in this action. Pursuant to Federal Rule of Civil Procedure 26(b)(1), such request is outside the scope of permitted discovery and Zee Apparel is withholding any documents in its possession, custody, or control that are responsive thereto.

Zee Apparel further objects that this request seeks the production of documents that may contain confidential information.

**REQUEST NO. 7:**

All DOCUMENTS that YOU contend show that the RETAINED GOODS are not counterfeit.

**RESPONSE TO REQUEST NO. 7:**

Objection. This request seeks the production of documents that may contain confidential information. Subject to and without waiver of the foregoing Objection, on a mutually agreeable date following the Court's entry of an Order protecting the confidentiality of any such information, Zee Apparel will produce responsive documents, if any, that Zee Apparel is able to locate utilizing a reasonable search. (Zee Apparel has been informed that TRR is currently in the process of preparing a proposed Protective Order for Zee Apparel's review and comments.)

**REQUEST NO. 8:**

All DOCUMENTS relating to the RETURNED GOODS.

**RESPONSE TO REQUEST NO. 8:**

Objection. This request is overly broad and unduly burdensome to the extent that it is not limited to documents that are relevant to any claim or defense in this action. It also seeks the production of documents that may contain confidential information. Subject to and without waiver of the foregoing Objection, on a mutually agreeable date following the Court's entry of an Order protecting the confidentiality of any such information, Zee Apparel will produce documents, if any, concerning the association between the returned goods and the consignment relationship between Zee Apparel and TRR, and that Zee Apparel is able to locate utilizing a reasonable search. (Zee Apparel has been

informed that TRR is currently in the process of preparing a proposed Protective Order for Zee Apparel's review and comments.)

**REQUEST NO. 9:**

All DOCUMENTS relating to the value of the RETAINED GOODS and/or the RETURNED GOODS.

**RESPONSE TO REQUEST NO. 9:**

Objection. This request seeks the production of documents that may contain confidential information. Subject to and without waiver of the foregoing Objection, on a mutually agreeable date following the Court's entry of an Order protecting the confidentiality of any such information, Zee Apparel will produce responsive documents, if any, that Zee Apparel is able to locate utilizing a reasonable search. (Zee Apparel has been informed that TRR is currently in the process of preparing a proposed Protective Order for Zee Apparel's review and comments.)

**REQUEST NO. 10:**

All COMMUNICATIONS with the The RealReal.

**RESPONSE TO REQUEST NO. 10:**

Objection. This request is vague, ambiguous, overly broad, and unduly burdensome because it seeks "communications" with the TRR, but does not provide any specificity as to the party to such communications with TRR. It also seeks the production of documents that may contain confidential information. Subject to and without waiver of the foregoing Objection, on a mutually agreeable date following the Court's entry of an Order protecting the confidentiality of any such information, Zee Apparel will produce documents, if any, reflecting Zee Apparel's communications with TRR concerning the consignment relationship between such parties, and that Zee Apparel is able to locate utilizing a reasonable search. (Zee Apparel has been informed that TRR is currently in the process of preparing a proposed Protective Order for Zee Apparel's review and comments.)

**REQUEST NO. 11:**

All DOCUMENTS relating to The RealReal.

**RESPONSE TO REQUEST NO. 11:**

Objection. This request is overly broad and unduly burdensome to the extent that it is not limited to documents relating to TRR that are relevant to any claim or defense in this action. It also seeks the production of documents that may contain confidential information. Subject to and without waiver of the foregoing Objection, on a mutually agreeable date following the Court's entry of an Order protecting the confidentiality of any such information, Zee Apparel will produce documents, if any, concerning the consignment relationship between Zee Apparel and TRR, and that Zee Apparel is able to locate utilizing a reasonable search. (Zee Apparel has been informed that TRR is currently in the process of preparing a proposed Protective Order for Zee Apparel's review and comments.)

**REQUEST NO. 12:**

All DOCUMENTS on which YOU have relied and/or intend to rely to support any position, claim, and/or defense in this action.

**RESPONSE TO REQUEST NO. 12:**

Objection. This request seeks the production of documents that may contain confidential information. Subject to and without waiver of the foregoing Objection, on a mutually agreeable date following the Court's entry of an Order protecting the confidentiality of any such information, Zee Apparel will produce responsive documents, if any, that Zee Apparel is able to locate utilizing a reasonable search. (Zee Apparel has been informed that TRR is currently in the process of preparing a proposed Protective Order for Zee Apparel's review and comments.)

**REQUEST NO. 13:**

All DOCUMENTS relating to allegations, findings of fact, rulings, and/or judgments that YOU (including but not limited to Sean Erez) sold and/or trafficked in counterfeit and/or unauthorized goods in violation of any civil or criminal statute or law in any manner and by any means, including but not limited to criminal indictments or charging papers, plea agreements, consent decrees, findings of fact, civil complaints, pleadings, verdicts, orders, judgments, or other court filings.

**RESPONSE TO REQUEST NO. 13:**

Objection. This request is overly broad and unduly burdensome to the extent that it is not limited to documents that are relevant to any claim or defense in this action. Subject to and without waiver of the foregoing Objection, Zee Apparel is not in possession, custody, or control of any documents that are responsive to this request.

**REQUEST NO. 14:**

All DOCUMENTS relating to limitations on YOUR (including but not limited to Sean Erez's) business activities based on any alleged or actual violations of civil or criminal statutes or laws, including but not limited to judgments, orders, verdicts, plea agreements, consent decrees, or settlement agreements.

**RESPONSE TO REQUEST NO. 14:**

Objection. The documents sought in this request are not relevant to any claim or defense in this action. Subject to and without waiver of the foregoing Objection, Zee Apparel is not in possession, custody, or control of any documents that are responsive to this request.

**REQUEST NO. 15:**

All DOCUMENTS relating to YOUR claims for damages in this action, including but not limited to YOUR allegations in paragraph 33 of YOUR Compliant that there are "at least three (3) Givenchy-brand handbags and a pair of Dior-brand sunglasses that, upon information and belief, were damaged while in The RealReal's physical possession" and in paragraph 22 of YOUR Complaint that the RETAINED GOODS "were intended for sale during the holiday season, when retail demand for luxury products reaches its highest levels" and that YOU "suffer[ed] damages, including, but not limited to, the loss of profits arising from lost holiday season sales."

**RESPONSE TO REQUEST NO. 15:**

Objection. This request mischaracterizes paragraph 22 of Zee Apparel's Complaint in this action. Paragraph 22 of Zee Apparel's Complaint states that **"the products that ZEE APPAREL had on consignment with TRR at the time of ZEE APPAREL's demand for return on December 8, 2015,** were intended for sale during the holiday season …." (Emphasis added.) The request also seeks the

production of documents that may contain confidential information. Subject to and without waiver of the foregoing Objection, on a mutually agreeable date following the Court's entry of an Order protecting the confidentiality of any such information, Zee Apparel will produce responsive documents, if any, that Zee Apparel is able to locate utilizing a reasonable search. (Zee Apparel has been informed that TRR is currently in the process of preparing a proposed Protective Order for Zee Apparel's review and comments.)

**REQUEST NO. 16:**

All DOCUMENTS relating to YOUR allegation in paragraph 33 of YOUR Complaint that "at least three (3) Givenchy-brand handbags and a pair of Dior-brand sunglasses [], upon information and belief, were damaged while in The RealReal's physical possession," including but not limited to photographs of the damages; reports of damages; COMMUNICATIONS about the damages; monetary estimates for the amount of damages; and/or all DOCUMENTS relating to YOUR sale, consignment, and/or other transfer of physical possession or any legal right relating to the allegedly damaged goods.

**RESPONSE TO REQUEST NO. 16:**

Objection. This request seeks the production of documents that may contain confidential information. Subject to and without waiver of the foregoing Objection, on a mutually agreeable date following the Court's entry of an Order protecting the confidentiality of any such information, Zee Apparel will produce responsive documents, if any, that Zee Apparel is able to locate utilizing a reasonable search. (Zee Apparel has been informed that TRR is currently in the process of preparing a proposed Protective Order for Zee Apparel's review and comments.)

Dated: June 9, 2016

                    **LUCAS SAVITZ P.L.**

By: */s/ Hal M. Lucas*
Hal M. Lucas *(Admitted pro hac vice)*

169 East Flagler Street, Suite 1534
Miami, FL 33131
Telephone: (305) 767-1450
Facsimile: (305) 767-1453
hlucas@lucassavitz.com

-and-

**SINGH, SINGH & TRAUBEN, LLP**
Michael A. Trauben (SBN: 277557)
400 S. Beverly Drive, Suite 240
Beverly Hills, CA 90212
Telephone: (310) 856-9705
Facsimile: (888) 734-3555
mtrauben@singhtraubenlaw.com

***Attorneys for Plaintiff/Counterdefendant***
ZEE APPAREL INC. d/b/a SHOP UNDER

## CERTIFICATE OF SERVICE

*Zee Apparel Inc. d/b/a Shop Under v. The RealReal, Inc.*
United States District Court for the Northern District of California
Case No. 3:16-cv-00755-HSG

I am employed in the County of Miami-Dade, State of Florida. I am over the age of 18 years and not a party to the within action. My business address is 169 East Flagler Street, Suite 1534, Miami, Florida 33131.

On June 9, 2016, I served the foregoing document described as:

**PLAINTIFF/COUNTERDEFENDANT ZEE APPAREL INC. D/B/A SHOP UNDER'S RESPONSES AND OBJECTIONS TO DEFENDANT/COUNTERCLAIMANT THE REALREAL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

on The RealReal, Inc.'s Counsel of Record in this action as follows:

Michael J. Bettinger
mbettinger@sidley.com
Holly Hogan
hhogan@sidley.com
Ezekial L. Rauscher
erauscher@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
*Attorneys for Defendant/Counterclaimant The RealReal, Inc.*

☒ BY E-MAIL: I caused a copy of the document listed above to be sent from e-mail address hlucas@lucassavitz.com to the persons at the e-mail addresses listed above. Written consent has been received in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) to serve such document via e-mail.

I certify under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 9, 2016, at Miami, Florida.

_____
Hal M. Lucas