# EXHIBIT Y

Michael J. Bettinger, SBN 122196
mbettinger@sidley.com
Holly Hogan, SBN 238714
hhogan@sidley.com
Ezekiel L. Rauscher, SBN 269141
erauscher@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
Telephone: +1 415 772-1200
Facsimile: +1 415 772-7400

Attorneys for THE REALREAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ZEE APPAREL, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE REALREAL, INC., <br><br> Defendant. | Case No. 16-cv-00755-HSG <br><br> **THE REALREAL, INC.'S NOTICE OF DEPOSITION OF ZEE APPAREL PURSUANT TO RULE 30(b)(6)** <br><br> Oct. 19, 2016, 9:00 a.m. <br> Le Centre Sheraton Montreal Hotel <br> 1201 Boulevard René-Lévesque Ouest <br> Montréal, QC H3B 2L7 |
| THE REALREAL, INC., <br><br> Counterclaimant, <br><br> v. <br><br> ZEE APPAREL, INC., <br><br> Counterdefendant. | |

EXHIBIT 501

THE REALREAL'S NOTICE OF DEPOSITION OF ZEE APPAREL PURSUANT TO RULE 30(b)(6)
CASE NO. 16-CV-00755-HSG

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rule[1] 30(b)(6), Defendant and Counterclaimant The RealReal, Inc. ("The RealReal") will take the oral deposition of the corporate representative of Zee Apparel, Inc. ("Zee Apparel") with respect to the matters described on Exhibit A attached hereto. The deposition will begin October 19, 2016 at 9:00 a.m. local time at Le Centre Sheraton Montreal Hotel, 1201 Boulevard René-Lévesque Ouest Montréal, QC H3B 2L7. The deposition will be taken before a qualified notary public or before some other officer authorized by law to administer oaths and will be recorded by stenographic means. The deposition will continue from day to day until completed. Pursuant to Rule 30(b)(6), Zee Apparel shall designate one or more officers, directors, managing agents, or other persons to testify on its behalf concerning the matters set forth in Exhibit A.

## DEFINITIONS

1. "PERSONS" means any single or group of human beings or legal entities, including but not limited to corporations, partnerships, limited liability companies, associations, trusts, organizations, or government bodies.

2. "RETAINED GOODS" means the products described in paragraph 24 of YOUR Complaint, which states: "The product units that TRR failed and refused to return to ZEE APPAREL include, but are not limited to, more than sixty (60) handbags and more than twenty (20) scarves."

3. "RETURNED GOODS" means the goods described in paragraphs 17-19 of YOUR Complaint as having been returned by The RealReal to ZEE APPAREL as follows: "It was not until December 22, 2015, that TRR returned any product units to ZEE APPAREL, and on that date TRR returned only some scarves, which were among the lowest valued items that ZEE APPAREL had on consignment with TRR. . . . Thereafter, on December 30, 2015, TRR returned some sunglasses and no more than two additional scarves, these products were also among the lowest valued items that ZEE APPAREL had on consignment with TRR. . . . In two further shipments multiple weeks later,

---

[1] All references to "Rules" herein are to the Federal Rules of Civil Procedure, unless otherwise noted.

one on or around January 21, 2016, and the other on or around January 22, 2016, TRR returned to ZEE APPAREL approximately fourteen (14) Givenchy-brand handbags and one pair of Dior-brand sunglasses." "RETURNED GOODS" also includes any goods that The RealReal returned to Zee Apparel after determining them to be authentic after it returned the goods listed above, including the Fendi navy scarf set returned to Zee Apparel on or about August 4, 2016.

4. "ZEE APPAREL" "YOU," and "YOUR" mean Zee Apparel Inc. (whether d/b/a Shop Under or otherwise), its predecessors and successors, its past and present parents, subsidiaries, and divisions, any entities in which it has or had an interest, its past and present directors, officers, employees, and agents, and past and present representatives (including consultants and attorneys) of any of the foregoing, including any and all persons acting or purporting to act, or who have acted or purported to act, on behalf of any of the foregoing.

5. The terms "and," "or," and "and/or" shall be construed broadly, both conjunctively and disjunctively, to bring within the scope of each Request all responses that might otherwise be construed to be outside of its scope.

# EXHIBIT A

## TOPICS ON WHICH EXAMINATION IS REQUESTED

1. The origin of the RETAINED GOODS, including but not limited to when, where, and by whom the RETAINED GOODS were manufactured.

2. ZEE APPAREL's acquisition of the RETAINED GOODS, including but not limited to when, where, for what consideration, under what agreement or terms, subject to what representations or guarantees, and from whom ZEE APPAREL acquired the RETAINED GOODS.

3. The PERSON(S) from whom ZEE APPAREL acquired the RETAINED GOODS, including but not limited to whether the PERSON(S) have or have been accused of trafficking in counterfeit goods, when and how the ZEE APPAREL's relationship the PERSON(S) began, and whether ZEE APPAREL had any reason to believe that the PERSON(S) were involved in counterfeiting.

4. ZEE APPAREL's communications with the PERSON(S) from whom ZEE APPAREL acquired the RETAINED GOODS.

5. Whether ZEE APPAREL believed that the RETAINED GOODS were counterfeit or were not counterfeit at the time it shipped them to The RealReal, and the basis for that belief.

6. ZEE APPAREL's efforts to determine whether the RETAINED GOODS are counterfeit or are not counterfeit.

7. All evidence that ZEE APPAREL relied on to determine whether the RETAINED GOODS are counterfeit or are not counterfeit.

8. ZEE APPAREL's efforts to determine whether handbags, scarves, and/or any other items that were made or purportedly made by the same manufacturer(s) that made the RETAINED GOODS or that ZEE APPAREL acquired from the same PERSON(S) from whom ZEE APPAREL acquired the RETAINED GOODS are counterfeit or are not counterfeit.

9. All evidence ZEE APPAREL relied on to determine whether handbags, scarves, and/or any other items that were made or purportedly made by the same manufacturer(s) that made the RETAINED GOODS or that ZEE APPAREL acquired from the same PERSON(S) from whom ZEE APPAREL acquired the RETAINED GOODS are counterfeit or are not counterfeit.

10. ZEE APPAREL's communications about the RETAINED GOODS.

11. ZEE APPAREL's sale, attempted sale, consignment, attempted consignment, and/or other transfer of physical possession or any legal right related to the RETAINED GOODS and/or the RETURNED GOODS, including but not limited to end-customer complaints and/or complaints from potential or actual consignors and/or resellers.

12. ZEE APPAREL's sale, attempted sale, consignment, attempted consignment, and/or other transfer of physical possession or any legal right related to handbags, scarves, and/or any other items that were made or purportedly made by the same manufacturer(s) that made the RETAINED GOODS or that ZEE APPAREL acquired from the same PERSON(S) from whom ZEE APPAREL acquired the RETAINED GOODS, including but not limited to end-customer complaints and/or complaints from potential or actual consignors and/or resellers.

13. The value of the RETAINED GOODS and/or the RETURNED GOODS.

14. Civil or criminal complaints or allegations against ZEE APPAREL relating to trafficking of counerfeit goods.

15. Limitations on ZEE APPAREL's business activities based on any alleged or actual violations of civil or criminal statutes or laws.

16. ZEE APPAREL's organizational structure, including its ownership, employees, and the duties of its employees.

17. ZEE APPAREL's business activities in California.

18. ZEE APPAREL's use of The RealReal's web-site.

19. ZEE APPAREL's entry into a contract with The RealReal.

20. ZEE APPAREL's communications with The RealReal, including communications about the RETAINED GOODS and/or the RETURNED GOODS.

21. The factual basis for ZEE APPAREL's allegation in paragraph 33 of its Complaint that "at least three (3) Givenchy-brand handbags and a pair of Dior-brand sunglasses [], upon information and belief, were damaged while in The RealReal's physical possession."

22. What became of the items described in paragraph 33 of its Complaint as "at least three (3) Givenchy-brand handbags and a pair of Dior-brand sunglasses that, upon information and

belief, were damaged while in The RealReal's physical possession" after The RealReal returned the items to ZEE APPAREL, including, for example, whether the items were sold or consigned to others.

23. The factual basis for ZEE APPAREL's allegation in paragraph 22 of its Complaint that it "suffer[ed] damages, including, but not limited to, the loss of profits arising from lost holiday season sales."

24. The factual basis for ZEE APPAREL's denial of paragraphs 64 and 65 of The RealReal's Counterclaims, which describe news reports of Sean Erez's criminal history.

25. The factual basis for ZEE APPAREL's partial denial of paragraph 98 of The RealReal's Counterclaims, which describes the terms of the agreement between ZEE APPAREL and The RealReal.

26. The factual basis for ZEE APPAREL's denial of paragraph 101 of The RealReal's Counterclaims, which alleges that ZEE APPAREL breached the agreement between ZEE APPAREL and The RealReal by, among other things, intentionally shipping counterfeit items to The RealReal.

27. The factual basis basis for ZEE APPAREL's denial of paragraph 107 of The RealReal's Counterclaims, which alleges that ZEE APPAREL unfairly interfered with The RealReal's performance under the agreement, and failed to cooperate with The RealReal in its attempts to perform under the agreement.

28. ZEE APPAREL's responses to The RealReal's written discovery requests.

29. ZEE APPAREL's document retention policies and collection and production of documents in this litigation.

Dated: Oct. 11, 2016

SIDLEY AUSTIN LLP

By: _/s/ Ezekiel Rauscher_
Ezekiel Rauscher
Attorneys for THE REALREAL, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) SS
COUNTY OF SAN FRANCISCO )

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 555 California Street Suite 2000, San Francisco, California 94104.

On October 11, 2016, I served the foregoing document(s) described as **THE REAL REAL, INC.'S NOTICE OF DEPOSITION OF ZEE APPAREL PURSUANT TO RULE 30(b)(1)** on all interested parties in this action as follows:

| LUCAS SAVITZ P.L. | SINGH, SINGH & TRAUBEN, LLP |
|---|---|
| Hal M. Lucas *(Admitted pro hac vice)* | Michael A. Trauben (SBN: 277557) |
| 169 East Flagler Street, Suite 1534 | 400 S. Beverly Drive, Suite 240 |
| Miami, FL 33131 | Beverly Hills, CA 90212 |
| Telephone: (305) 7 67-1450 | Telephone: (31 0) 856-9705 |
| Facsimile: (305) 767-1453 | Facsimile: (888) 734-3555 |
| hlucas@lucassavitz.com | mtrauben@singhtraubenlaw.com |
| *Attorney for Plaintiff and Counterdefendant* | *Attorney for Plaintiff and Counterdefendant* |

☑   (E-MAIL) I caused the document(s) to be delivered by e-mail to each interested party as shown above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 11, 2016, at San Francisco, California.

*/s/ Dianne de la Rocha*