# EXHIBIT MM

**LUCAS SAVITZ P.L.**
Hal M. Lucas *(Admitted pro hac vice)*
169 East Flagler Street, Suite 1534
Miami, FL 33131
Telephone:    (305) 767-1450
Facsimile:      (305) 767-1453
hlucas@lucassavitz.com

**SINGH, SINGH & TRAUBEN, LLP**
Michael A. Trauben (SBN:  277557)
400 S. Beverly Drive, Suite 240
Beverly Hills, CA 90212
Telephone:    (310) 856-9705
Facsimile:      (888) 734-3555
mtrauben@singhtraubenlaw.com

*Attorneys for Plaintiff/Counterdefendant*
ZEE APPAREL INC. d/b/a SHOP UNDER

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ZEE APPAREL INC. d/b/a SHOP UNDER, a corporation incorporated under the laws of the Province of Quebec, Canada,<br><br>Plaintiff/Counterdefendant,<br><br>v.<br><br>THE REALREAL, INC., a Delaware corporation,<br><br>Defendant/Counterclaimant. | Case No.  3:16-cv-00755-HSG<br><br>**PLAINTIFF/COUNTERDEFENDANT ZEE APPAREL INC. D/B/A SHOP UNDER'S RESPONSES AND OBJECTIONS TO DEFENDANT/COUNTERCLAIMANT THE REALREAL, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Plaintiff/Counterdefendant Zee Apparel Inc. d/b/a Shop Under ("Zee Apparel") hereby responds to the Second Set of Requests for Production of Documents and Things served by Defendant/Counterclaimant The RealReal, Inc. ("TRR"), as follows:

1

## **GENERAL STATEMENTS**

1.      These responses are made solely for the purpose of this action and are subject to all objections as to competence, authenticity, relevance, materiality, propriety, admissibility, and any and all other objections and grounds which would or could require or permit the exclusion of all or any part or portion of any document, communication, or tangible thing from evidence, all of which objections and grounds are reserved and may be interposed at any time in this action, including, but not limited to, at the time of trial.

2.      Zee Apparel objects to any request to produce documents, communications, or tangible things pertaining to any subject matter to the extent it seeks the disclosure of (a) communications between Zee Apparel and legal counsel or other documents or communications protected by the attorney-client privilege; and/or (b) documents or tangible things prepared in anticipation of litigation or for trial or that otherwise are protected by the work product doctrine, including, but not limited to, attorney work product.

3.      Zee Apparel objects to Instruction Number 2 in TRR's Second Set of Requests for Production of Documents and Things ("TRR's Second Set of Requests for Production") to the extent that:

        A.      it seeks to require Zee Apparel to answer each request (in TRR's Second Set of Requests for Production) "under oath."  Zee Apparel does not respond to any such request "under oath," as it is not required to do so under the applicable Rules; and

        B.      it suggests that this response is subject to Federal Rule of Civil Procedure 11.  Federal Rule of Civil Procedure 11(d) provides as follows:  **"Inapplicability to Discovery.  This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."**

4.      Zee Apparel further objects to any Definition or Instruction in TRR's Second Set of Requests for Production to the extent that it purports to impose conditions, obligations, or duties that are inconsistent with, or exceed those required by, the Federal Rules of Civil Procedure or the Local Rules in Civil Proceedings before the United States District Court for the Northern District of California.

ZEE APPAREL'S RESP. TO TRR'S 2ND REQ. FOR PROD. – CASE NO. 3:16-CV-00755-HSG

5.      Zee Apparel reserves the right to amend and supplement these responses in accordance with Federal Rule of Civil Procedure 26(e).

**ZEE APPAREL'S RESPONSES TO TRR'S REQUESTS FOR PRODUCTION**

**REQUEST NO. 18:**

All DOCUMENTS relating to limitations on YOUR activities based on any alleged or actual violations of civil or criminal statutes or laws, including but not limited to judgments, orders, verdicts, plea agreements, consent decrees, or settlement agreements.

**RESPONSE TO REQUEST NO. 18:**

Zee Apparel is not in possession, custody, or control of any documents that are responsive to this request.

**REQUEST NO. 19:**

All DOCUMENTS relating to limitations on Sean Erez's activities based on any alleged or actual violations of civil or criminal statutes or laws, including but not limited to judgments, orders, verdicts, plea agreements, consent decrees, or settlement agreements.

**RESPONSE TO REQUEST NO. 19:**

Objection.  Any limitations on nonparty Sean Erez's activities, and particularly any such limitations that are based on matters unrelated to the sale or consignment of fashion products, are not relevant or proportional to the needs of the case.  Subject to and without waiver of the foregoing Objection, Zee Apparel will produce on a mutually agreeable date all non-privileged documents not already produced, if any, that are responsive to this request, to the extent that such documents are within Zee Apparel's possession, custody, or control, and that Zee Apparel is able to locate such documents utilizing a reasonable search.

**REQUEST NO. 20:**

All documents identified or described in YOUR response to any of The RealReal, Inc.s Interrogatories served in this matter.

ZEE APPAREL'S RESP. TO TRR'S 2ND REQ. FOR PROD. – CASE NO. 3:16-CV-00755-HSG

**RESPONSE TO REQUEST NO. 20:**

Zee Apparel will produce on a mutually agreeable date all non-privileged documents not already produced, if any, that are responsive to this request, to the extent that such documents are within Zee Apparel's possession, custody, or control, and that Zee Apparel is able to locate such documents utilizing a reasonable search.

**REQUEST NO. 21:**

All documents containing substantive factual information that YOU used to determine YOUR response to any of The RealReal, Inc.s Interrogatories served in this matter.

**RESPONSE TO REQUEST NO. 21:**

Zee Apparel will produce on a mutually agreeable date all non-privileged documents not already produced, if any, that are responsive to this request, to the extent that such documents are within Zee Apparel's possession, custody, or control, and that Zee Apparel is able to locate such documents utilizing a reasonable search.

**REQUEST NO. 22:**

All communications between YOU and any person or organization that previously possessed the RETURNED GOODS or the RETAINED GOODS, including but not limited to the entities identified by YOU in response to The RealReal, Inc.'s Interrogatory No. 4.

**RESPONSE TO REQUEST NO. 22:**

Objection.  This request is overly broad, as TRR acknowledges that the Returned Goods (as defined in Definition Number 5 in TRR's Second Set of Requests for Production) are authentic and TRR does not assert any claims concerning any other goods, with the exception of the Retained Goods (as defined in Definition Number 3 in TRR's Second Set of Requests for Production).  This request is also overly broad, confusing, and ambiguous to the extent that it seeks communications related to the Retained Goods between Zee Apparel and "any person or organization that previously possessed" the Retained Goods, as opposed to documents reflecting communications related to the Retained Goods between Zee Apparel and the companies from which such goods were purchased by Zee Apparel.  Finally, this request implicates the disclosure of bank account identification information, which is not relevant to

ZEE APPAREL'S RESP. TO TRR'S 2ND REQ. FOR PROD. – CASE NO. 3:16-CV-00755-HSG

any issue in this action.  Subject to and without waiver of the foregoing Objection, Zee Apparel will produce on a mutually agreeable date all non-privileged documents not already produced, if any, reflecting communications related to the Retained Goods between Zee Apparel and the companies from which such goods were purchased by Zee Apparel, to the extent that such documents are within Zee Apparel's possession, custody, or control, and that Zee Apparel is able to locate such documents utilizing a reasonable search.  Zee Apparel will redact any bank account identification information from any document produced in response to this request.

**REQUEST NO. 23:**

All communications related to the RETURNED GOODS or the RETAINED GOODS between YOU and any person or organization that previously possessed the RETURNED GOODS or the RETAINED GOODS, including but not limited to the entities identified by YOU in response to The RealReal, Inc.'s Interrogatory No. 4.

**RESPONSE TO REQUEST NO. 23:**

Objection.  This request is overly broad, as TRR acknowledges that the Returned Goods (as defined in Definition Number 5 in TRR's Second Set of Requests for Production) are authentic.  This request is also overly broad, confusing, and ambiguous to the extent that it seeks communications related to the Retained Goods (as defined in Definition Number 3 in TRR's Second Set of Requests for Production) between Zee Apparel and "any person or organization that previously possessed" the Retained Goods, as opposed to documents reflecting communications related to the Retained Goods between Zee Apparel and the companies from which such goods were purchased by Zee Apparel.  Finally, this request implicates the disclosure of bank account identification information, which is not relevant to any issue in this action.  Subject to and without waiver of the foregoing Objection, Zee Apparel will produce on a mutually agreeable date all non-privileged documents not already produced, if any, reflecting communications related to the Retained Goods between Zee Apparel and the companies from which such goods were purchased by Zee Apparel, to the extent that such documents are within Zee Apparel's possession, custody, or control, and that Zee Apparel is able to locate such documents

ZEE APPAREL'S RESP. TO TRR'S 2ND REQ. FOR PROD. – CASE NO. 3:16-CV-00755-HSG

utilizing a reasonable search.  Zee Apparel will redact any bank account identification information from any document produced in response to this request.

**REQUEST NO. 24:**

Documents sufficient to show all financial transactions between YOU and any person or organization that previously possessed the RETURNED GOODS or the RETAINED GOODS, including but not limited to the entities identified by YOU in response to The RealReal, Inc.'s Interrogatory No. 4.

**RESPONSE TO REQUEST NO. 24:**

Objection.  This request is overly broad and unduly burdensome, as TRR acknowledges that the Returned Goods (as defined in Definition Number 5 in TRR's Second Set of Requests for Production) are authentic and TRR does not assert any claims concerning any other goods, with the exception of the Retained Goods (as defined in Definition Number 3 in TRR's Second Set of Requests for Production).  This request is also overly broad, confusing, and ambiguous to the extent that it seeks documents sufficient to show all financial transactions related to the Retained Goods between Zee Apparel and "any person or organization that previously possessed" the Retained Goods, as opposed to documents sufficient to show Zee Apparel's payment of money or other consideration for the Retained Goods (to the companies from which such goods were purchased by Zee Apparel).  Finally, this request implicates the disclosure of bank account identification information, which is not relevant to any issue in this action.  Subject to and without waiver of the foregoing Objection, Zee Apparel will produce on a mutually agreeable date all non-privileged documents not already produced, if any, reflecting Zee Apparel's payment of money or other consideration for the Retained Goods (to the companies from which such goods were purchased by Zee Apparel), to the extent that such documents are within Zee Apparel's possession, custody, or control, and that Zee Apparel is able to locate such documents utilizing a reasonable search.  Zee Apparel will redact any bank account identification information from any document produced in response to this request.

**REQUEST NO. 25:**

Documents sufficient to show all financial transactions related to the RETURNED GOODS or the RETAINED GOODS between YOU and any person or organization that previously possessed the

RETURNED GOODS or the RETAINED GOODS, including but not limited to the entities identified by YOU in response to The RealReal, Inc.'s Interrogatory No. 4.

**RESPONSE TO REQUEST NO. 25:**

Objection.  This request is overly broad, as TRR acknowledges that the Returned Goods (as defined in Definition Number 5 in TRR's Second Set of Requests for Production) are authentic.  This request is also overly broad, confusing, and ambiguous to the extent that it seeks documents sufficient to show all financial transactions related to the Retained Goods between Zee Apparel and "any person or organization that previously possessed" the Retained Goods, as opposed to documents sufficient to show Zee Apparel's payment of money or other consideration for the Retained Goods (to the companies from which such goods were purchased by Zee Apparel).  Finally, this request implicates the disclosure of bank account identification information, which is not relevant to any issue in this action.  Subject to and without waiver of the foregoing Objection, Zee Apparel will produce on a mutually agreeable date all non-privileged documents not already produced, if any, reflecting Zee Apparel's payment of money or other consideration for the Retained Goods (to the companies from which such goods were purchased by Zee Apparel), to the extent that such documents are within Zee Apparel's possession, custody, or control, and that Zee Apparel is able to locate such documents utilizing a reasonable search.  Zee Apparel will redact any bank account identification information from any document produced in response to this request.

**REQUEST NO. 26:**

All communications between YOU and Florida Sewing Machine, Inc. related to the RETURNED GOODS or the RETAINED GOODS.

**RESPONSE TO REQUEST NO. 26:**

Objection.  There is no issue in this action as to which any matters concerning Florida Sewing Machine, Inc., are relevant or proportional to the needs of the case.  Florida Sewing Machine, Inc., was not party to any consignment contract with TRR, and was not a source from which Zee Apparel purchased any of the Retained Goods (as defined in Definition Number 3 in TRR's Second Set of Requests for Production).  Nor was Florida Sewing Machine, Inc., a source from which Zee Apparel

ZEE APPAREL'S RESP. TO TRR'S 2ND REQ. FOR PROD. – CASE NO. 3:16-CV-00755-HSG

purchased any of the Returned Goods (as defined in Definition Number 5 in TRR's Second Set of Requests for Production), although the source(s) of the Returned Goods – which have been acknowledged as authentic by TRR – is (are) itself (themselves) not relevant or proportion to the needs of the case.   Subject to and without waiver of the foregoing Objection, Zee Apparel is not in possession, custody, or control of any documents reflecting any communications between Zee Apparel and Florida Sewing Machine, Inc., related to the Returned Goods or the Retained Goods.

**REQUEST NO. 27:**

All DOCUMENTS reflecting or discussing any financial transactions related to the RETURNED GOODS or the RETAINED GOODS between YOU and Florida Sewing Machine, Inc.

**RESPONSE TO REQUEST NO. 27:**

Objection.  There is no issue in this action as to which any matters concerning Florida Sewing Machine, Inc., are relevant or proportional to the needs of the case.  Florida Sewing Machine, Inc., was not party to any consignment contract with TRR, and was not a source from which Zee Apparel purchased any of the Retained Goods (as defined in Definition Number 3 in TRR's Second Set of Requests for Production).  Nor was Florida Sewing Machine, Inc., a source from which Zee Apparel purchased any of the Returned Goods (as defined in Definition Number 5 in TRR's Second Set of Requests for Production), although the source(s) of the Returned Goods – which have been acknowledged as authentic by TRR – is (are) itself (themselves) not relevant or proportion to the needs of the case.  Subject to and without waiver of the foregoing Objection, Zee Apparel is not in possession, custody, or control of any documents that are responsive to this request.

**REQUEST NO. 28:**

All DOCUMENTS reflecting or discussing any agreement between YOU and Florida Sewing Machine, Inc.

**RESPONSE TO REQUEST NO. 28:**

Objection.  There is no issue in this action as to which any matters concerning Florida Sewing Machine, Inc., are relevant or proportional to the needs of the case.  Florida Sewing Machine, Inc., was not party to any consignment contract with TRR, and was not a source from which Zee Apparel

8

purchased any of the Retained Goods (as defined in Definition Number 3 in TRR's Second Set of Requests for Production).  Subject to and without waiver of the foregoing Objection, Zee Apparel is not in possession, custody, or control of any documents that are responsive to this request.

**REQUEST NO. 29:**

All communications related to the RETURNED GOODS between YOU and anyone employed by or otherwise affiliated with Authenticate4U.com.

**RESPONSE TO REQUEST NO. 29:**

Objection.  TRR acknowledges that the Returned Goods (as defined in Definition Number 5 in TRR's Second Set of Requests for Production) are authentic, and thus communications related to the Returned Goods between Zee Apparel and anyone employed by or otherwise affiliated with Authenticate4U.com are not relevant or proportional to the needs of the case.  Subject to and without waiver or the foregoing Objection, Zee Apparel is not in possession, custody, or control of any documents that are responsive to this request.

**REQUEST NO. 30:**

All communications related goods similar to any of the RETURNED GOODS between YOU and anyone employed by or otherwise affiliated with Authenticate4U.com.

**RESPONSE TO REQUEST NO. 30:**

Objection.  This request is confusing and ambiguous to the extent that it refers to goods that are "similar" to any of the Returned Goods (as defined in Definition Number 5 in TRR's Second Set of Requests for Production), without providing any specificity as to what qualifies, and what does not qualify, as "similar" to any such goods.  Moreover, TRR acknowledges that the Returned Goods are authentic, and thus communications related to goods "similar" to any of the Returned Goods between Zee Apparel and anyone employed by or otherwise affiliated with Authenticate4U.com are not relevant or proportional to the needs of the case.  Subject to and without waiver of the foregoing Objection, Zee Apparel interprets the term "similar" (for purposes of this response) to refer to any good bearing the same make and model as borne by any of the returned goods, and states that Zee Apparel is not in possession, custody, or control of any documents that are responsive to this request as so interpreted.

9

**REQUEST NO. 31:**

All DOCUMENTS relating to the processing of the RETAINED GOODS through customs offices of the United States, Canada, or any other country.

**RESPONSE TO REQUEST NO. 31:**

Objection.  This request is unduly burdensome, not relevant, and not proportional to the needs of the case, particularly where (a) there is no contention in this action that the Retained Goods (as defined in Definition Number 3 in TRR's Second Set of Requests for Production) were not successfully delivered to Zee Apparel; (b) Zee Apparel has produced or will produce invoices for its purchases of the Retained Goods; and (c) Zee Apparel will produce documents reflecting its payments of money for the Retained Goods.  Subject to and without waiver of the foregoing Objection, Zee Apparel will produce on a mutually agreeable date all non-privileged documents not already produced, if any, reflecting delivery (in each case, via internationally recognized courier delivery service) of the Retained Goods to Zee Apparel, to the extent that such documents are within Zee Apparel's possession, custody, or control, and that Zee Apparel is able to locate such documents utilizing a reasonable search.

**REQUEST NO. 32:**

All DOCUMENTS related to YOUR payment of money or other consideration for the RETURNED GOODS or the RETAINED GOODS.

**RESPONSE TO REQUEST NO. 32:**

Objection.  This request is overly broad because there is no issue in this case as to which Zee Apparel's payment of money or other consideration for the Returned Goods (as defined in Definition Number 5 in TRR's Second Set of Requests for Production) is relevant or proportional to the needs of the case. Indeed, TRR acknowledges that the Returned Goods are authentic.  This request also implicates the disclosure of bank account identification information, which is not relevant to any issue in this action. Subject to and without waiver of the foregoing Objection, Zee Apparel will produce on a mutually agreeable date all non-privileged documents not already produced, if any, reflecting Zee Apparel's payment of money or other consideration for the Retained Goods (to the companies from which such goods were purchased by Zee Apparel), to the extent that such documents are within Zee Apparel's

ZEE APPAREL'S RESP. TO TRR'S 2ND REQ. FOR PROD. – CASE NO. 3:16-CV-00755-HSG

possession, custody, or control, and that Zee Apparel is able to locate such documents utilizing a

reasonable search.  Zee Apparel will redact any bank account identification information from any

document produced in response to this request.  (The term "Retained Goods" is used in this Response

to Request No. 23 in the manner in which it is defined in Definition Number 3 in TRR's Second Set of

Requests for Production.)

**REQUEST NO. 33:**

All documents evidencing or otherwise relating to any damages that YOU seek in this action.

**RESPONSE TO REQUEST NO. 33:**

Objection.  This request is duplicative of TRR's Request No. 15.  This request also implicates the

potential disclosure of personal information of one or more of Zee Apparel's customers, which is not

relevant to any issue in this action.  Subject to and without waiver of the foregoing objection, Zee

Apparel will produce on a mutually agreeable date all non-privileged documents not already produced,

if any, that are responsive to this request, to the extent that such documents are within Zee Apparel's

possession, custody, or control, and that Zee Apparel is able to locate such documents utilizing a

reasonable search.  Zee Apparel will redact any personal information (of any of its customers) from

any document produced in response to this request.

**REQUEST NO. 34:**

All DOCUMENTS described in Plaintiff/Counterdefendant Zee Apparel Inc. d/b/a Shop Under's

Initial Disclosures as falling into "Categories of Documents and Tangible Things that Zee Apparel

May Use to Support Its Claims or Defenses."

**RESPONSE TO REQUEST NO. 34:**

Objection.  This request implicates the potential disclosure of personal information of one or more of

Zee Apparel's customers, which is not relevant to any issue in this action.  Subject to and without

waiver of the foregoing objection, Zee Apparel will produce on a mutually agreeable date all non-

privileged documents not already produced (or served in this action), if any, that are responsive to this

request, to the extent that such documents are within Zee Apparel's possession, custody, or control,

and that Zee Apparel is able to locate such documents utilizing a reasonable search.  Zee Apparel will

ZEE APPAREL'S RESP. TO TRR'S 2ND REQ. FOR PROD. – CASE NO. 3:16-CV-00755-HSG

redact any personal information (of any of its customers) from any document produced in response to this request.

**REQUEST NO. 35:**

Inspection of all goods that YOU contend "were damaged while in The RealReal's physical possession," or returned to YOU "with identification information missing," including the "at least three (3) Givenchy brand handbags and a pair of Dior-brand sunglasses" described in paragraphs 19 and 33 of YOUR Complaint.

**RESPONSE TO REQUEST NO. 35:**

Zee Apparel is not in possession, custody, or control of any things that are responsive to this request.

**REQUEST NO. 36:**

Inspection of the RETURNED GOODS.

**RESPONSE TO REQUEST NO. 36:**

Objection. There is no issue in this case as to which inspection of the Returned Goods (as defined in Definition Number 5 in TRR's Second Set of Requests for Production) is relevant or proportional to the needs of the case.  Moreover, TRR already inspected the Returned Goods, as TRR did not return any good (that is part of the Returned Goods) to Zee Apparel until TRR determined that such good is authentic.  Subject to and without waiver of the foregoing Objection, Zee Apparel is not in possession, custody, or control of any things that are responsive to this request.

Dated:  October 6, 2016

LUCAS SAVITZ P.L.


By: ____/s/ Hal M. Lucas_____
        Hal M. Lucas *(Admitted pro hac vice)*

169 East Flagler Street, Suite 1534
Miami, FL 33131
Telephone:  (305) 767-1450
Facsimile:  (305) 767-1453
hlucas@lucassavitz.com

-and-

**SINGH, SINGH & TRAUBEN, LLP**
Michael A. Trauben (SBN:  277557)
400 S. Beverly Drive, Suite 240
Beverly Hills, CA 90212
Telephone:  (310) 856-9705
Facsimile:  (888) 734-3555
mtrauben@singhtraubenlaw.com

***Attorneys for Plaintiff/Counterdefendant***
ZEE APPAREL INC. d/b/a SHOP UNDER

## CERTIFICATE OF SERVICE

*Zee Apparel Inc. d/b/a Shop Under v. The RealReal, Inc.*
United States District Court for the Northern District of California
Case No. 3:16-cv-00755-HSG

I am employed in the County of Miami-Dade, State of Florida.  I am over the age of 18 years and not a party to the within action.  My business address is 169 East Flagler Street, Suite 1534, Miami, Florida 33131.

On October 6, 2016, I served the foregoing document described as:

**PLAINTIFF/COUNTERDEFENDANT ZEE APPAREL INC. D/B/A SHOP UNDER'S RESPONSES AND OBJECTIONS TO DEFENDANT/COUNTERCLAIMANT THE REALREAL, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

on The RealReal, Inc.'s Counsel of Record in this action as follows:

Michael J. Bettinger
mbettinger@sidley.com
Holly Hogan
hhogan@sidley.com
Ezekiel L. Rauscher
erauscher@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
*Attorneys for Defendant/Counterclaimant The RealReal, Inc.*

**X**      BY E-MAIL:  I caused a copy of the document listed above to be sent from e-mail address hlucas@lucassavitz.com to the persons at the e-mail addresses listed above.  Written consent has been received in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) to serve such document via e-mail.

I certify under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on October 6, 2016, at Miami Beach, Florida.

*/s/ Hal M. Lucas*
Hal M. Lucas

ZEE APPAREL'S RESP. TO TRR'S 2ND REQ. FOR PROD. – CASE NO. 3:16-CV-00755-HSG